# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

| | |
|---|---|
| TORRIN SLOVER,<br><br>　　Plaintiff,<br><br>V.<br><br>TRANSYLVANIA VOCATIONAL SERVICES, INC.,<br><br>　　Defendant. | CIVIL ACTION FILE NO.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff, Torrin Slover, by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against Defendant Transylvania Vocational Services, Inc., stating as follows:

### I. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I-II of this Complaint, which arise out of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq. (Title VII).

2. This Court has jurisdiction over the parties of this action because the employment practices described herein took place in Transylvania County, North Carolina.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

4. Plaintiff received her Notice of Right to Sue from the Equal Employment and Opportunity Commission (EEOC) and files this Complaint within the ninety (90) days prescribed.

### II. PARTIES

5. Plaintiff is a citizen of the United States and a resident of North Carolina.

6. Defendant is a Non-Profit Corporation registered to conduct business in the state of North Carolina.

7. Defendant may be served through its CEO and registered agent, James E. Brandenburg, located at 11 Mountain Industrial Dr., Brevard, NC 28712.

8. Defendant employed fifteen (15) employees or more at all times relevant to this lawsuit.

9. Defendant is subject to the requirements of Title VII

### III. FACTUAL ALLEGATIONS

10. Plaintiff was hired by Defendant in August 2018 to work as a Sanitation Technician.

11. In December 2019, Plaintiff was placed under the supervision of Mr. Shane Young, a Sanitation Supervisor.

12. During most shifts, Mr. Young made comments to Plaintiff about needing a "side-piece," i.e., a mistress.

13. Mr. Young also informed Plaintiff that his wife allowed him to have "side-pieces."

14. On one occasion, Mr. Young spoke with Plaintiff about another female employee and said that he wanted to "bust her pussy wide open" but was hesitant because he heard someone else died while having sex with her.

15. After learning that Plaintiff was in a relationship with an African-American man, Mr. Young, who is also African-American, said he did not know she was "into black guys."

16. In January 2020, Mr. Young retrieved a package for Plaintiff from a USPS location and delivered it to Plaintiff's home.

17. Plaintiff never asked Mr. Young to deliver her package.

18. In February 2020, Plaintiff complained to Ms. Lauren Hayes, Defendant's Human

Resources Director, about Mr. Young's sexual harassment.

19. Ms. Hayes did not take any remedial action to prevent future sexual harassment from Mr. Young.

20. On March 5, 2020, Plaintiff complained to Mr. Jamie Brandenburg, Defendant's CEO, about Mr. Young's sexual harassment.

21. On March 10, 2020, Defendant terminated Plaintiff.

## IV. CLAIM FOR RELIEF

### COUNT I

### TITLE VII SEXUAL HARASSMENT

22. Plaintiff incorporates by reference paragraphs 1-21 of her Complaint as if fully set forth herein.

23. Mr. Young's treatment of Plaintiff was unwelcome.

24. Mr. Young's treatment of Plaintiff was based on her sex.

25. Mr. Young's treatment of Plaintiff was sufficiently severe and pervasive to alter the conditions of her employment and create an abusive atmosphere.

26. Mr. Young's sexual harassment of Plaintiff is imputable to Defendant.

### COUNT II

### TITLE VII RETALIATION

27. Plaintiff incorporates by reference paragraphs 1-21 of her Complaint as if fully set forth herein.

28. Plaintiff engaged in protected activity when she complained about Mr. Young's sexual harassment.

29. Defendant terminated Plaintiff, which constitutes an adverse action.

30. The circumstances of Plaintiff's termination raise an inference of causation between her protected activity and the adverse action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. A finding that Defendant violated Plaintiff's rights as set forth herein;

c. Full back pay plus interest, front pay, compensatory damages, punitive damages, liquidated damages, reasonable attorney fees, and costs in accordance with Title VII; and

d. Any other relief this Court deems proper and just.

Respectfully submitted this 14th day of June, 2021.

THE KIRBY G. SMITH LAW FIRM, LLC

/s/Alexander C. Kelly
Alexander C. Kelly
North Carolina Bar No. 49308
*Attorney for Plaintiff*

THE KIRBY G. SMITH LAW FIRM, LLC
111 N. Chestnut St.
Suite 200
Winston-Salem, NC 27101
T: (704) 729-4287
F: (877) 352-6253
ack@kirbygsmith.com

# **JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 14th day of June, 2021.

                                  THE KIRBY G. SMITH LAW FIRM, LLC

                                  /s/Alexander C. Kelly
                                  Alexander C. Kelly
                                  North Carolina Bar No. 49308
                                  *Attorney for Plaintiff*

THE KIRBY G. SMITH LAW FIRM, LLC
111 N. Chestnut St.
Suite 200
Winston-Salem, NC 27101
T: (704) 729-4287
F: (877) 352-6253
ack@kirbygsmith.com